UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case No.: 3:25-MJ-349

KISHA L. LUBISCHER
_____/

**<u>ORDER</u>**

The Government has filed a "Notice of Inextricably Intertwined and/or Rule 404(b) Evidence" (Doc. 15). Defendant has responded in opposition, arguing that the Government should not be permitted to use the uncharged acts evidence discussed in its Notice. (Doc. 18). For the reasons below, the Court agrees with the Government.

## I.  Background

Defendant has been charged with one count of stealing government property valued at less than $1,000 in violation of 18 U.S.C. § 641. According to the Government, the evidence at trial will show that Defendant was employed by the commissary at Naval Air Station Pensacola. The Government claims that while working at the commissary on March 25, 2025, Defendant took merchandise from the

1

commissary without paying.  More specifically, the Government says that Defendant placed merchandise on an employee restocking cart, moved the cart to the employee breakroom, bagged the merchandise, and then left the commissary without paying for the merchandise.  The alleged theft was witnessed by Defendant's co-worker, Ms. Double.

In its Notice, the Government states that it anticipates Ms. Double will testify that she began suspecting that Defendant was stealing from the commissary several weeks before the charged incident on March 25, 2025.  Allegedly, several weeks earlier Ms. Double saw Defendant bagging unpurchased items in the employee work area.  Ms. Double asked Defendant about the items, and Defendant allegedly responded that she had already paid for the items but did not bag them at the register.  This seemed odd to Ms. Double.  So, over the next several weeks Ms. Double watched Defendant closely.  And she continued to notice that items placed on the employee restocking cart were later found bagged in the employee breakroom.

On March 22, 2025—three days before the charged incident—Ms. Double allegedly saw Defendant with items on the employee restocking cart.  Later that same day, Ms. Double saw the items bagged and in a

grocery cart. Defendant then walked into the store cooler with the grocery cart and then exited with new refrigerated items commingled with the already bagged items.

The Government anticipates that Ms. Double will testify that it was because of these prior incidents that she was closely watching Defendant on March 25, 2025. And that is why on March 25, 2025, Ms. Double photographed Defendant's restocking cart, the merchandise on it, and Defendant leaving the commissary without paying for the merchandise.

In its Notice, the Government argues that Ms. Double's testimony regarding Defendant's conduct in the days and weeks leading up to March 25, 2025, is admissible under the inextricably intertwined doctrine. Alternatively, the Government argues that the testimony is admissible under Rule 404(b). Defendant disagrees. She argues Ms. Double's testimony regarding Defendant's conduct in the weeks leading up to March 25, 2025, is neither inextricably intertwined nor permissible under Rule 404(b).

## II.  Discussion

Under Rule 404(b), evidence of other crimes, wrongs, or acts is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b).  But the Eleventh Circuit "repeatedly has held that evidence of uncharged conduct that is part of the same scheme or series of transactions and uses the same *modus operandi* as the charged offenses is admissible as intrinsic evidence outside the scope of Rule 404(b)." *United States v. Ford*, 784 F.3d 1386, 1394 (11th Cir. 2015). This type of intrinsic evidence is commonly referred to as "inextricably intertwined" evidence.  And evidence is inextricably intertwined if it is "linked in time and circumstances with the charged crime and concerns the context, motive or setup of the crime; or forms an integral part of the crime; or is necessary to complete the story of the crime." *United States v. U.S. Infrastructure, Inc.*, 576 F.3d 1195, 1210 (11th Cir. 2009).  Even if evidence is inextricably intertwined, it must pass Rule 403 balancing before being admitted.  *Ford*, 784 F.3d at 1393.

Here, evidence regarding Defendant's uncharged conduct at the commissary that the Government seeks to admit through Ms. Double's

4

conduct of Defendant is inextricably intertwined with the charged conduct on March 25, 2025. The uncharged conduct is linked in time and circumstances with the charged offense—it all occurred in the same general time frame, at the same location, and involved a similar *modus operandi*. Furthermore, Ms. Double's testimony about the uncharged conduct is necessary to tell the complete story of the events leading up to Defendant's charge. More specifically, evidence regarding the uncharged conduct explains why Ms. Double was closely watching and photographing Defendant on March 25, 2025. Thus, the Court finds the uncharged conduct is admissible under the inextricably intertwined doctrine.[1]

---

[1] Even if the uncharged conduct evidence were not inextricably intertwined, it would be admissible under Rule 404(b) for the permissible purpose of proving intent. In order for evidence to be admissible under Rule 404(b), it must be relevant to an issue other than character, there must be evidence that the other act occurred, and the probative value must not be substantially outweighed by the risks identified in Rule 403. *United States v. Valdez*, 2023 WL 355091, at *4 (11th Cir. Jan. 23, 2023). Here, the evidence would be admissible for the permissible Rule 404(b) purpose of intent. When a defendant pleads not guilty, she "makes intent a material issue, which imposes a substantial burden on the government to prove intent." *United States v. Sterling*, 738 F.3d 228, 238 (11th Cir. 2013). And the Government may attempt to meet that burden by using other acts evidence under Rule 404(b). *Id.* Similarity between "the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense." *Valdez*, 2023

Having found that the uncharged conduct is inextricably intertwined, the Court will now conduct the Rule 403 balancing. Under Rule 403, relevant evidence is inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Exclusion of evidence under Rule 403 "is an extraordinary remedy that must be used sparingly . . . ." *U.S. Infrastructure, Inc.*, 576 F.3d at 1211. In the context of uncharged acts evidence, the test under Rule 403 "is whether the other

---

WL 355091, at *5 (cleaned up). In *Valdez*, the Eleventh Circuit upheld the admission of evidence showing that the defendant had previously stole government property because that "was highly probative of his intent with regard" to the charged theft. *Id*. The *Valdez* court stressed that the prior theft was close in time to the charged theft and involved similar circumstances. The same is true here with regard to Defendant's uncharged acts of stealing items from the commissary. Moreover, testimony from an eyewitness that she saw Defendant engage in the uncharged conduct is sufficient for the jury to "reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (explaining that the trial court need not make a preliminary finding that the Government has proven other acts by a preponderance of the evidence before permitting the evidence to be admitted). And the probative value of the uncharged conduct would not be substantially outweighed by the risks in Rule 403 for the same reasons explained elsewhere in this order. Accordingly, as an alternative basis, the uncharged conduct evidence would be admissible under Rule 404(b) to show Defendant's intent.

6

acts evidence was dragged in by the heels solely for prejudicial impact." *Id.*

Conducting the Rule 403 balancing here, the Court finds that the probative value of the uncharged conduct is not substantially outweighed by any of the concerns set forth in Rule 403. The uncharged conduct was "extremely similar to the charged offense[]," and the "amount of time separating" the uncharged conduct and charged conduct was "minimal." *United States v. Muscatell*, 42 F.3d 627, 631 (11th Cir. 1995) (affirming the introduction of related uncharged acts). The Government is not "dragg[ing]" the uncharged conduct "by its heels solely for prejudicial impact." *U.S. Infrastructure, Inc.*, 576 F.3d at 1211. Instead, the evidence is inextricably intertwined and is being introduced to help explain the circumstances surrounding the events on March 25, 2025, and to provide necessary context. Given the similarities between the charged conduct and the uncharged conduct, the extremely short distance in time between the charged conduct and uncharged conduct, and the relevance of the uncharged conduct to explaining the circumstances surrounding the charged conduct, the Court finds that

7

Rule 403 does not preclude the uncharged conduct evidence from being introduced.

### III.  Conclusion

For the reasons above, the Government will be permitted to introduce the uncharged conduct evidence set forth in its Notice (Doc. 15). If Defendant would like the Court to issue a limiting instruction regarding the evidence, the Court will be happy to do so upon request.

**SO ORDERED** this the 6th of October 2025.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge